Brinkerhoee, C.J.
These cases have been thoroughly argued both orally and in writing. We have given to the examination of the questions which they involve a liberal share of time and the exercise of the best judgment of which we are capable. And I say this, lest the brevity of our opinion should be taken as an indication of a hurried consideration and hasty decision of the cases; for, pressed as we are by the accumulation of business on our docket, I can find no time for a minute and elaborate discussion of the questions presented and determined, and will, therefore, attempt to do but little more than simply to announce the conclusions at which we have unanimously arrived.
And, I. As to the case in error, we are of opinion that, under a just construction of the provisions of the act of congress referred to, a revenue stamp is not necessary to the *142 validity of a notice of appeal in a proceeding by an elector to contest an election under tbe statute of this state. And the order of the court of common pleas dismissing that case will, therefore, be reversed, and the cause remanded to that court for further proceedings.
II; As to the case in quo warranto. We are of opinion:
1. That the tenth section of the schedule of the constitution of 1851, which provides “ that all officers shall continue in office until their successors shall be chosen and qualified,” was not intended as a permanent provision of the constitution, and as such applicable to officers chosen under that constitution, but was limited in its application to officers chosen or appointed under the old constitution, and whose terms of office did not expire until after the taking effect of the new constitution. And this, for three reasons: It is placed, not in the body of the constitution, but in the schedule; among eighteen other sections, every one of which is obviously a temporary provision, designed simply to effect the transfer, without friction 'or disorder, of the administration of the powers of government from functionaries elected or appointed under the old, to those to be elected or appointed under the new constitution. Its intent is suggested by its place; and there is no reason that we can conceive of, why, if it was intended as a permanent provision, it should not have been placed in the body of the constitution. It can not be said that the subject-matter of the section was overlooked by the framers of the constitution; for there are several distinct clauses in different parts of that instrument, in which it is specially provided that certain specified officers shall hold their offices until their successors are chosen and qualified; and this makes a case for the application of the maxim, “ expressio unius,” etc.
2. By section four of the schedule to the constitution, all judges were to be elected on the second Tuesday of October, 1851, and their term of office was to commence on the second Monday of February, 1852; the second Monday of February, 1852, happened to fall on the ninth day of the month; and hence, in order that all judicial officers may have their full *143 term of office prescribed in the body of the constitution, no more and no less, the regular terms of office of all judges begin and end on the ninth day of February of the proper year.
The regular term of office of a probate judge, as fixed by the constitution, is three years. Article 4, section 7.
Section thirteen of article four of the constitution provides, that—
“ In case the office of any judge shall become vacant, before the expiration of the regular term for which he was elected, the vacancy shall be filled by appointment by the governor, until a successor is elected and qualified; and such successor shall be elected for the unexpired term, at the first annual election that occurs more than thirty days after the vacancy shall have happened.”
Now, according to the facts in this case admitted by the pleadings, Cassad, the deceased predecessor of the defendant, Taylor, was regularly and duly elected on the second Tuesday of October, 1860, for the full term of three years from the ninth day of February, 1861, which would expire on the ninth day of February, 1864. He died in October, 1861. The defendant, Taylor, was appointed to fill, for the time being, the vacancy thus created, and was elected to the same office at the October election, 1862. He was elected to fill the unexpired term of his predecessor, Cassad; he could not be legally elected for any longer period; and the commission of the governor, in so far as it assumed to confer upon him authority to hold the office for a longer period than the unexpired term of Cassad, was a nullity; for, the tenth section of the schedule to the constitution being inapplicable to officers elected or appointed under the constitution of 1851, and there being no clause in the body of the constitution authorizing a judge who holds his office by election to continue in office beyond his term until his successor is elected and qualified, his term of office necessarily expired on the ninth day of February, 1864. And as he does not claim to have been re-elected at.the proceeding October election, it follows that he has had no right to exercise the duties of the office subsequent to tha t date.
*144 The demurrer to the rejoinder is sustained, and a judgment of ouster will pass against the defendant Taylor.
3. As to the claim of Poster to the office, we will simply say — that while the neglect of the sheriff to give notice by proclamation of the election of a probate judge, at the October election of 1863, may -be competent, and perhaps important evidence, in connection with other circumstances, as tending to establish the allegations of conspiracy and fraud, on the ground of which the invalidity of that election is claimed, we are of opinion that such neglect is not conclusive of the invalidity of that election. Whether Poster was duly elected to the office as he claims, or whether there is a vacancy by reason of the failure of the people to elect any one in 1863, Taylor is clearly not entitled to it. As to Poster’s rights in the premises, we decline to adjudge; but leave him to act as he may be advised on what seems to be a prima facie case in his favor, and to the final adjudication of the contest pending against him.
This disposes of the cases. But, before concluding, I will take the liberty to suggest that there seems to be a casus omissus in our legislation. The constitution nowhere prescribes the manner of filling a vacancy in the ofiice of judge, occurring by reason of the expiration. of his term and a failure to anticipate and provide for such vacancy at the preceding election.
Article 2, section 27 of the constitution provides, that “The election and appointment of all officers, and the filling of all vacancies not otherwise provided for by this constitution, or the constitution of the United States, shall be made in such manner as may be directed by law,” etc.
Here is ample warrant for legislative action; but I have not been able to find any statute providing for the contingency which I have suggested; but it is one that has once occurred (Ohio v. Chase, 7 Ohio St. Rep. 372), and will occur again, in case the election of Poster shall be adjudged invalid.
Scott, Ranney, Wilder and White, JJ., concurred.